WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Joseph Zompa, | No. CV-16-04204-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

Pending before the Court is Frank Joseph Zompa's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of his claim for disability benefits. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 17).

After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 18, 19, 26, 27), the Court finds that the Administrative Law Judge's ("ALJ") decision contains harmful legal error. For the reasons explained in Section II below, the

decision is reversed and the case is remanded to the Commissioner of Social Security for an immediate award of benefits.

## I. LEGAL STANDARDS

### A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). The Act also provides for Supplemental Security Income to certain individuals who are aged 65 or older, blind, or disabled and have limited income. 42 U.S.C. § 1382. To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(A)(3)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id.*

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. §§ 404.1520(a), 416.920(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to Step Two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to Step Three.

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

- 2 -

**Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. §§ 404.1520(f), 416.920(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. §§ 404.1520(g), 416.920(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id.*

### B. Standard of Review Applicable to ALJ's Determination

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Although "substantial evidence" is less than a preponderance, it is more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197,

---

[2] *Parra*, 481 F.3d at 746.

229 (1938)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). This is because the ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court also considers the harmless error doctrine when reviewing an ALJ's decision. This doctrine provides that an ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1963, has worked as a retail cashier, stocker, storekeeper, and security guard. (A.R. 76, 87). In 2012, Plaintiff filed applications for disability insurance benefits and supplemental security income. (A.R. 197-210). Plaintiff's applications alleged that on September 1, 2011, Plaintiff became unable to work due to back problems, walking problems, breathing problems, diabetes, and glaucoma. (A.R. 87, 108). Social Security denied the applications on November 1, 2012.

(A.R. 131-37). In May 2013, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 143-50). Plaintiff sought further review by an ALJ, who conducted a hearing in November 2014. (A.R. 8-9, 38-84).

In her June 26, 2015 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 13-29). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-7). On December 2, 2016, Plaintiff filed a Complaint (Doc. 1) pursuant to 42 U.S.C. § 405(g) requesting judicial review and reversal of the ALJ's decision.

### B. The ALJ's Application of the Five-Step Disability Analysis

#### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since September 1, 2011. (A.R. 15). Neither party disputes this determination.

#### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: (i) obesity; (ii) lumbar degenerative disc disease; (iii) osteoarthritis of the knees; and (iv) "asthma v. chronic pulmonary disease (COPD)." (A.R. 15). Plaintiff asserts that the ALJ erred by omitting Plaintiff's alleged mood and anxiety disorders in the list of severe impairments. (Doc. 18 at 15-20).

#### 3. Step Three: Presence of Listed Impairment(s)

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 19-20). Neither party disputes the ALJ's determination at this step.

#### 4. Steps Four and Five: Capacity to Perform Work

The ALJ found that Plaintiff has retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b). (A.R. 20).

Based on the assessed RFC, the ALJ determined that Plaintiff can perform his past relevant work as a security guard. (A.R. 27). The ALJ made the alternative determination at Step Five that Plaintiff is not disabled under the Medical-Vocational Guidelines. (A.R. 28). Plaintiff argues that the ALJ improperly weighed the evidence in assessing his RFC and asserts that he is unable to engage in any work. (Doc. 18 at 8-24).

### C. The ALJ Failed to Provide Valid Reasons for Discounting the Opinions of Treating Physician Suhair Stipho-Majeed, M.D.

In weighing medical source opinions in Social Security cases, there are three categories of physicians: (i) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons that are supported by substantial evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id.* at 830-31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining physician's opinion in favor of another physician's opinion without first providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti*, 533 F.3d at 1041 (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

The ALJ reviewed records from Plaintiff's treating physician, Suhair Stipho-Majeed, M.D. On October 30, 2014, Dr. Stipho-Majeed completed a "Pain Functional Capacity (RFC) Questionnaire" (the "Pain Questionnaire") and a "Medical Assessment of Ability To Do Work Related Physical Activities" (the "Medical Assessment") (A.R. 983-87). In the Pain Questionnaire, Dr. Stipho-Majeed opined that Plaintiff suffers from "moderately severe" pain that is to be reasonably expected from objective clinical or diagnostic findings (i.e. "MRI spine"). (A.R. 983). Dr. Stipho-Majeed assessed that

Plaintiff's pain would frequently interfere with attention, concentration, persistence or pace, which would result in the failure to complete tasks in a timely manner. (A.R. 983-84).

In the Medical Assessment, Dr. Stipho-Majeed stated that Plaintiff has been diagnosed with osteoarthritis, spinal stenosis, COPD, "chronic back pain (moderate foraminal stenosis in lumbar spine)," and schizoaffective disorder. (A.R. 985, 987). Dr. Stipho-Majeed stated that Plaintiff can (i) lift and/or carry less than ten pounds; (ii) can stand and/or walk for less than two hours in an eight hour work day; (iii) sit less than six hours in an eight hour work day; and (iv) must alternate between sitting and standing every forty-five minutes. (A.R. 985). Dr. Stipho-Majeed indicated that Plaintiff requires a cane for ambulation, but can (i) continuously climb, balance, stoop, kneel, crouch, and crawl; and (ii) frequently use his left and right hands for handling, fine manipulation, feeling, and reaching. (A.R. 985-86).

The ALJ gave Dr. Stipho-Majeed's opinions above "very little weight." (A.R. 24).[3] As discussed below, the Court finds that the ALJ's reasons for discounting Dr. Stipho-Majeed's opinions are not specific, legitimate, and supported by substantial evidence in the record.[4]

In explaining why Dr. Stipho-Majeed's opinions were discounted, the ALJ first stated: "The objective medical evidence does suggest the claimant has limitations but not

---

[3] The ALJ gave no weight to Dr. Stipho-Majeed's letter dated May 9, 2014 in which Dr. Stipho-Majeed stated that Plaintiff has a "very limited capability to work" due to multiple medical conditions, such as schizoaffective disorder. (A.R. 24, 785). Plaintiff does not challenge this rejection. (Doc. 18 at 13). The Court, however, notes that the ALJ erroneously rejected the letter in part on the basis that Dr. Stipho-Majeed rendered a "diagnosis of 'schizoaffective disorder' which is an impairment outside his field of specialty." (A.R. 24); *see Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) ("Under general principles of evidence law Dr. Gehlen is qualified to give a medical opinion as to Mrs. Sprague's mental state as it relates to her physical disability even though Dr. Gehlen is not a psychiatrist."). In addition, the ALJ's decision erroneously states that no treating mental health professional rendered that diagnosis. The record reflects that Plaintiff's mental health provider diagnosed Plaintiff with "psychotic disorder w/ hallucinations." (*See, e.g.*, A.R. 880).

[4] Plaintiff does not assert that the clear and convincing standard applies. (Doc. 18 at 9).

to the degree purported by Dr. Stipho-Majeed. The doctor's own notes do not support that degree of limitation." (A.R. 25). The ALJ cites one medical record in support of this conclusion, recounting that "[i]n November 2013, [Dr. Stipho-Majeed] noted the claimant's stress testing showed no evidence of left ventricular myocardial ischemia or infarction, the COPD was well controlled with Advair and lumbar X-rays showed "mild" degenerative joint disease of back (45F:117)." (*Id.*). However, the November 2013 record also states that Plaintiff has chronic back pain and osteoarthritis in both knees. (A.R. 1162). Additionally, as Dr. Stipho-Majeed's Medical Assessment notes, a magnetic resonance imaging ("MRI") report stated that Plaintiff has "[m]oderate foraminal stenosis" at L5-S1. (A.R. 987, 988). ALJs "must review the whole record; they cannot cherry-pick evidence to support their findings." *Bostwick v. Colvin*, No. 13-cv-1936-LAB, 2015 WL 12532350, at *2 (S.D. Cal. Mar. 30, 2015); *see also Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (holding that an ALJ erred by selectively considering some entries in the medical record while ignoring others); *see Garrison v. Colvin*, 759 F.3d 995, 1017 n.23 (9th Cir. 2014) ("The ALJ was not permitted to 'cherry-pick' from those mixed results to support a denial of benefits."). Further, an ALJ may not insert his or her interpretation of the results in place of an examining physician's opinion. *See also Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong.") (citations omitted).

The Court finds that the ALJ's decision does not sufficiently explain the ALJ's reasons for concluding that the objective medical evidence does not support Dr. Stipho-Majeed's opinions. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (explaining that the Court cannot "speculate as to the grounds for the ALJ's conclusions"); *see also Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) ("The ALJ must

do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.") (citation omitted); *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) ("[C]onclusory reasons will not justify an ALJ's rejection of a medical opinion."). Accordingly, the ALJ's first reason for discounting Dr. Stipho-Majeed's opinions is legally improper.

Next, the ALJ observed that Dr. Stipho-Majeed stated in the Medical Assessment that Plaintiff requires a cane, but Plaintiff's "physical therapist in the same month and year noted [Plaintiff] was able to ambulate without assistance and without the use of adaptive equipment (37F:3)." (A.R. 25). The ALJ found that "[t]hese are inconsistencies suggesting the doctor's opinion is somewhat overstated." (*Id.*).[5] As Plaintiff notes, the record cited by the ALJ is from the Pain Center of Arizona, not from a physical therapist. (Doc. 18 at 10; A.R. 826). In addition, the record states that Plaintiff arrived at the appointment with a cane. (A.R. 824). Numerous other records indicate that Plaintiff needs a cane to ambulate. (*See., e.g.*, A.R. 813, 816, 819, 846, 862). The Court finds that the ALJ's second reason for discounting Dr. Stipho-Majeed's opinions is not specific, legitimate, and supported by substantial evidence.

As another reason for discounting Dr. Stipho-Majeed's opinions, the ALJ wrote that the "opinion is itself conflicting. While the opinion suggests a great degree of limitation, the doctor specifically concluded the claimant would not have any limitations in the following areas, climbing, balancing, stopping, kneeling, crouching and crawling." (A.R. 25). The ALJ also recounted that Dr. Stipho-Majeed:

> listed the claimant's July 2014 MRI as a significant reason for the limitations and yet the MRI has relatively mild findings including a mild disc bulge at L4-5, and L5-S1 with borderline spinal stenosis and bilateral foraminal stenosis

---

[5] The ALJ also commented that it is of "note that [Dr. Stipho-Majeed] stated the conclusions in the opinions were based on the evaluation of a physical therapist, which implies the opinion is not based on his own observations making the opinion less reliable (45F:61)." (A.R. 25). Plaintiff correctly asserts that this misstates the record. (Doc. 18 at 11). It was Dr. Shahrzad Saririan, M.D., not Dr. Stipho-Majeed, who wrote in a June 2014 progress note: "Fill forms based on PT evaluation." (A.R. 1106).

- 9 -

(42F). The degree of limitation and mild findings are inconsistent and suggest the doctor was advocating for his patent.

(A.R. 25). The ALJ's decision omits that the July 2014 MRI found "moderate foraminal stenosis" at L5-S1. (A.R. 988). To reiterate, an ALJ may not insert his or her interpretation of the results in place of an examining physician's opinion. *See Schmidt*, 914 F.2d at 118. The ALJ has failed to sufficiently explain how Dr. Stipho-Majeed's opinions reflected in the Pain Questionnaire and Medical Assessment are conflicting.

Finally, the ALJ concluded that because Dr. Stipho-Majeed's opinions are presented in a "check-off" report format that does not contain an adequate explanation of the bases for the conclusions, the opinions may be rejected. (A.R. 25). The Ninth Circuit, however, has explained that "the treating physician's opinion as to the combined impact of the claimant's limitations—both physical and mental—is entitled to special weight." *Lester*, 81 F.3d at 833. "The treating physician's continuing relationship with the claimant makes him especially qualified to evaluate reports from examining doctors, to integrate the medical information they provide, and to form an overall conclusion as to functional capacities and limitations, as well as to prescribe or approve the overall course of treatment." *Id.* An ALJ is "not entitled to reject the responses of a treating physician without specific and legitimate reasons for doing so, even where those responses were provided on a 'check-the-box' form, were not accompanied by comments, and did not indicate to the ALJ the basis for the physician's answers." *Trevizo v. Berryhill*, 871 F.3d 664, 677 n.4 (9th Cir. 2017) (stating that "there is no authority that a 'check-the-box' form is any less reliable than any other type of form; indeed, agency physicians routinely use these types of forms to assess the intensity, persistence, or limiting effects of impairments").

Dr. Stipho-Majeed's Pain Questionnaire and Medical Assessment were completed on the same day that Dr. Stipho-Majeed examined Plaintiff. (A.R. 983-87, 1046-47). The examination notes are consistent with the opinions expressed in the Pain Questionnaire and Medical Assessment. Further, the opinions in the Pain Questionnaire

and Medical Assessment are supported by Dr. Stipho-Majeed's prior examination reports. (A.R. 1046-50, 1060-64, 1066-70, 1079, 1081-84, 1123-24, 1130-31, 1147, 1156, 1159-60, 1161-68, 1189-93). In this circumstance, the Court finds that the ALJ's erred in rejecting Dr. Stipho-Majeed's opinions on the ground that the opinions were presented in a "check-off" report. *See Garrison*, 759 F.3d at 1013 (finding that an ALJ committed "a variety of egregious and important errors," including failing "to recognize that the opinions expressed in check-box form in the February 2008 RFC Questionnaire were based on significant experience with Garrison and supported by numerous records, and were therefore entitled to weight that an otherwise unsupported and unexplained check-box form would not merit").

Based on the foregoing, the Court finds that the ALJ improperly discounted Dr. Stipho-Majeed's opinions. This error is harmful and alone requires remand. The Court therefore does not address Plaintiff's arguments regarding the other alleged errors in the ALJ's decision.

### D. The Case Will Be Remanded for an Award of Benefits

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the rarest cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). The Ninth Circuit, however, has adopted a test to determine when a case should be remanded for payment of benefits in cases where an ALJ has improperly rejected claimant testimony or medical opinion evidence. *Id*. at 1100-01; *Garrison*, 759 F.3d at 1020. This test is commonly referred to as the "credit-as-true" rule, which consists of the following three factors:

> 1. Has the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion? *Treichler*, 775 F.3d at 1100-01.
>
> 2. Has the record been fully developed, are there outstanding issues that must be resolved before a disability determination can be made, or would further administrative proceedings be useful? *Id*. at 1101. To clarify this factor, the Ninth Circuit has stated that "[w]here there is

conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id*.

3. If the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant disabled on remand? *Id*.; *Garrison*, 759 F.3d at 1020.

Where a court has found that a claimant has failed to satisfy one of the factors of the credit-as-true rule, the court does not need to address the remaining factors. *Treichler*, 775 F.3d at 1107 (declining to address final step of the rule after determining that the claimant has failed to satisfy the second step). Moreover, even if all three factors are met, a court retains the discretion to remand a case for additional evidence or to award benefits. *Id*. at 1101-02. A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." 775 F.3d at 1105.

After examining the record, the Court finds no outstanding issues of fact to be resolved through further proceedings. At the administrative hearing, the VE testified that based on Dr. Stipho-Majeed's opinions regarding Plaintiff's deficiencies in attention, concentration, and persistence or pace, Plaintiff would not be able to retain employment. (A.R. 82-83). The VE's testimony establishes that if Dr. Stipho-Majeed's opinions were credited-as-true, the ALJ would be required to find that Plaintiff is disabled. The Court does not find any material evidence in the record that creates serious doubt that Plaintiff is in fact disabled. Therefore, based on the record, the Court finds it inappropriate to remand the case for further proceedings. *See Benecke*, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have

another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.") (citation omitted). The Court will remand the case for an immediate award of benefits effective September 1, 2011 (the disability onset date).

### **III. CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding this case to the Commissioner for an immediate award of benefits effective September 1, 2011.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 19th day of February, 2018.

_____
Eileen S. Willett
United States Magistrate Judge